**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1071-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOHN SCOTT,

     Defendant-Appellant.

_____

Submitted December 10, 2018 – Decided December 26, 2018

Before Judges Messano and Fasciale.

On appeal from Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-01-0070.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Mary Eva Colalillo, Camden County Prosecutor, attorney for respondent (Maura Murphy Sullivan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a July 28, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant maintains that his trial counsel rendered ineffective assistance.

On appeal, defendant argues:

> MR. SCOTT IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO PRESENT A COMPLETE DEFENSE.

We affirm.

In our unpublished opinion upholding his convictions,[1] we upheld an order that denied defendant's motion to suppress. State v. Scott, No. A-5718-12 (App. Div. Feb. 10, 2015) (slip op. at 5-9). In doing so, we relied on the community caretaker doctrine as well as the plain view exception to the warrant requirement. Id. at 8-9. We summarized the facts leading to defendant's arrest as follows:

> A State Police trooper (the "Trooper") and his partner (collectively the "Troopers"), were patrolling a non-residential, high crime area. At approximately 1:00 a.m., the Troopers observed a taxi in an alleyway with the "brake lights being energized on and off . . .

---

[1] Defendant had appealed from his convictions for second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); second-degree unlawful possession of an assault firearm, N.J.S.A 2C:39-5(f); and fourth-degree possession of a weapon and devices, N.J.S.A. 2C:39-3(j).

2

like . . . maybe someone was in distress." The Troopers entered the alleyway, and the taxi began driving in an abnormal manner of accelerating and suddenly stopping. The taxi stopped at an intersection, the Troopers activated their emergency lights, and exited their unmarked SUV.

As the Troopers approached, they noticed the taxi was a four-door Lincoln sedan with tinted windows. The Trooper spoke to the front seat passenger, heard a "rustling" from the back seat, and noticed the taxi was "shaking." The Trooper then opened the rear passenger door of the taxi because he could not see inside the vehicle, and observed defendant "seated . . . and down between his legs." The Trooper ordered defendant to show his hands and at that point, the Trooper observed a semi-automatic pistol magazine at defendant's feet. The Trooper removed defendant from the taxi and arrested him at the scene. A semi-automatic pistol was found in the taxi's passenger cabin.

[Id. at 2.]

In his petition, and on this appeal, defendant focuses on his trial counsel's investigation and cross-examination of the troopers and taxi driver (a defense witness) as to the route the taxi took before the police pulled it over. Defendant maintains that the Troopers and taxi driver testified at the motion to suppress hearing and at trial that the taxi took a route that was impossible to drive. Defendant argues that had his trial counsel investigated and become more familiar with the alleged route taken, which included one-way streets and intersections, then she would have cross-examined the witnesses more

effectively. He contends that he is entitled to an evidentiary hearing because his PCR claim is "dependent on outside evidence." That is, to show the PCR judge a video of the streets in question taken multiple years after the incident.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his . . . claim will ultimately succeed on the merits." Ibid. For defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987).

As the PCR judge pointed out, neither the Trooper nor the taxi driver were clear on the route taken. The PCR judge stated that the taxi driver's testimony – again, a defense witness – "contradicted the general layout of the streets." Regardless of the route taken, the judge who denied defendant's motion to suppress stated:

> I can't find any plausible explanation for stopping this [taxi], other than the observations the [T]rooper said he made.
>
> . . . [O]n balance, given the high crime area, given the time of night, given the six . . . abrupt stops . . . it's not unreasonable to stop the vehicle to make sure everything's all right.

The PCR judge emphasized correctly that at the trial and suppression motion, the route taken by the taxi was irrelevant. Rather, the relevant testimony "was the erratic driving by the taxi driver and the location of the weapon." The seizure of the semi-automatic gun magazine at defendant's feet, and the verdict of guilt, was based on that testimony, rather than on the witnesses' recollection of the street configurations.

We therefore conclude that defendant failed to demonstrate a reasonable likelihood that his PCR claim will ultimately succeed on the merits. And we conclude further that defendant has failed to satisfy either prong of Strickland.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1071-17T1